# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RASHEEN RIVERS,                  :
    *Plaintiff,*              :
                              :
v.                               :    CIVIL ACTION NO. 19-CV-4331
                              :
GEORGE W. HILL                   :
CORRECTIONAL FACILITY,           :
    *Defendant.*              :

## MEMORANDUM

**PAPPERT, J.**                                    **SEPTEMBER 26, 2019**

Rasheen Rivers filed this civil action pursuant to 42 U.S.C. § 1983 against the George W. Hill Correctional Facility ("GWHCF"), asserting claims about the conditions of his confinement there. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis.* (ECF No. 1.) For the following reasons, the Court will grant Rivers leave to proceed *in forma pauperis*, dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and grant him leave to amend.

## I

The Complaint suggests that Rivers was incarcerated at the GWHCF during some unidentified period of time. (ECF No. 2 at 3-4.)[1] Rivers alleges that during his thirty-day period of incarceration, he "was placed in a 3 man cell" with visible beds bugs and had to sleep in "a boat that was not clean." (*Id.*) Rivers further asserts that "he got sick from one of the inmates" and "received a rash from dry skin." (*Id.* at 4.) Rivers

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

asks for "proper legal clarity that an individual would receive on a case like mine" and "$1000 cash for 30 days of being place[d] into such [an] unsafe and crowded place." (*Id.*)

## II

The Court grants Rivers leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Rivers is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Rivers's Complaint fails to state a claim for relief.

GWHCF is the only Defendant. The claims against GWHCF must be dismissed because the facility "is not a legal entity susceptible to suit." *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa.

June 10, 2004)); *see also Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws.").

Rivers also takes issue with various conditions at GWHCF, *i.e.*, the fact that he was assigned to a cell with two other men, that the cell to which he was assigned contained visible bed bugs, and that he had to sleep in a boat[2] which was not clean. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir. 2005). Because Rivers's status during his incarceration is not clear from the Complaint, the Court will analyze the Complaint under both amendments.

An Eighth Amendment violation based on the conditions of confinement requires a prisoner to establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He must also show that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). For a Fourteenth Amendment violation, a detainee must establish that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether those conditions have a purpose other than punishment and are excessive in relation to that purpose. *See id.* at 538-39; *Hubbard I*, 399 F.3d at 158. In assessing whether a prisoner's conditions of confinement violate the Eighth or Fourteenth Amendment, a court should consider the totality of the circumstances. *See, e.g., Hubbard v. Taylor*,

---

[2] The term "boat" refers to portable bedding.

3

538 F.3d 229, 235 (3d Cir. 2008) (*Hubbard II*); *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996); *Union Cty. Jail Inmates v. DiBuono*, 713 F.2d 984, 1000-01 (3d Cir. 1983).

Rivers claims that he was assigned to a cell with two other men, visible bed bugs, and forced to sleep in a boat that was not clean. Housing multiple inmates in a cell, however, does not alone establish a constitutional violation. *See Hubbard II*, 538 F.3d at 236 & n.6 (pretrial detainees do not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."). Rivers has not established a plausible constitutional violation because he has not alleged that the overcrowded conditions amounted to punishment, deprived him of a basic need, or otherwise caused him harm. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Bell*, 441 U.S. at 542-43 (double-bunking did not violate constitutional rights of pretrial detainees when detainees had sufficient space for sleeping and use of common areas, and the average length of incarceration was 60 days); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard II*, 538 F.3d at 232-35 (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment); *see also Walker v. George W. Hill Corr.*, Civ. A. No. 18-2724, 2018 WL 3430678, at *3

(E.D. Pa. July 13, 2018) (concluding that prisoner plaintiff's claims that "he was forced to share a cell with two other individuals and that he was forced to sleep on the floor inside what was described as a boat unit" and that "his sleeping area was a very unhealthy and unsanitary space two feet from the toilet bowl" failed to state a Fourteenth Amendment claim with respect to allegations of overcrowding).

Although Rivers alleges that he was subjected to visible bed bugs, became sick, and experienced a rash at some point during his incarceration, he does not allege that he required medical treatment or that he was denied treatment for any medical conditions. *See Thomas v. SCI Graterford*, No. 11-6799, 2014 WL 550555, at *4-5 (E.D. Pa. Feb. 12, 2014) (concluding that while presence of insects in prison was uncomfortable, plaintiff had not "demonstrated an unconstitutional threat to his health and safety"); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 467 (M.D. Pa. 201) (infestation with roaches, spiders, worms, gnats, mice, and other unknown insects uncomfortable but not unconstitutional). Rivers's allegations fail to state a plausible claim.

## IV

The Court grants Rivers leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal is without prejudice to Rivers's right to file an amended complaint within thirty (30) days if he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**